**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**vs.** **No. 12-30330-DRH**

**GILBERT MANNING,**

**Defendant.**

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

## Introduction and Background

Now before the Court is Manning's motion to sever defendant from all other defendants as relief from prejudicial joinder (Doc. 56). The government opposes the motion (Doc. 67). Based on the following, the Court denies the motion as severance is not warranted.

On December 11, 2012, the grand jury returned a two-count indictment against Gilbert Manning, Terrez Shields and Demario Malone (Doc. 1). Count 1 is against all three defendants and charges them with conspiracy to distribute, and possess with intent to distribute, marijuana and Count 2 is against Malone for possession of a firearm in furtherance of a drug trafficking crime: conspiracy to distribute, and possess with the intent to distribute, marijuana.

In his motion to sever, Manning argues, *inter alia*, that severance is warranted as evidence against his co-defendants, like the weapons evidence against Malone, will prejudice him; that the defense of some of the defendants is different to the defense of others; and other defendants may testify on their own behalf forcing Manning to testify or have the jury make an adverse inference from his non-testimony.[1]

**Analysis**

The joinder of two or more defendants in an indictment is governed by Federal Criminal Rule 8(b), which provides:

The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or the same series of acts or transactions constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Joinder is allowed when the government has alleged that the defendants "have participated in the … same series of acts or transactions constituting an offense or offenses." *United States v. Ras*, 713 F.2d 311, 315 (7th Cir. 1983)(quoting Fed.R.Crim.P. 8(b) and citing *United States v. Garza*, 664 F.2d 135, 142 (7th Cir. 1981), cert. denied, 455 U.S. 993, 102 S.Ct. 1620 (1982)); *United States v. Hosseini*, 679 F.3d 544, 553 (7th Cir. 2012). The Seventh Circuit has interpreted this rule to broadly permit liberal joinder in order to enhance judicial efficiency, limit inconveniences to witnesses, avoid delays in bring defendants to trial, and

[1] The Court notes that Manning's motion makes general arguments without any specific detail and does not cite case law in support of his positions.

allow the "total story" to be presented to a single jury. *Id; United States v. Stillo,* 57 F.3d 553, 556-57 (7th Cir.), cert. denied, 516 U.S. 945, 116 S.Ct. 383, 133 L.Ed.2d 306 (1995); *Richardson v. Marsh*, 481 U.S. 200, 209-210, 107 S.Ct. 1702, 95 L.Ed.2d 176 (1987) (Joint trials "play a vital role in the criminal justice system" because they promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts."). Joinder under Rule 8(b) is also governed by the face of the indictment. *United States v. Bruun*, 809 F.2d 397, 406 (7th Cir. 1987).

As in *Ras*, the defendants in this case appear to have been properly joined in the indictment as "[a]ll counts of the indictment dealt with acts committed by the defendants in furtherance of a single, ongoing conspiracy. The charge of conspiracy in Count 1 served to link the substantive counts against the various defendants ... this satisfied the relatedness requirement of Rule 8(b) and justified joinder." *Ras*, 713 F.2d at 315.

Once it is determined that the defendants have been joined in accordance with Rule 8, the moving defendant may only be entitled to a severance pursuant Rule 14 if proven that this joinder will be prejudicial to that defendant, as joint trials (when dealing with charges such as conspiracy) are generally favored for their efficiency. *Id.* (citing *United States v. Tanner*, 471 F.2d 128, 137 (7th Cir. 1972)); *see also United States v. Williams*, 858 F.2d 1218, 1223 (7th Cir. 1988); *United States v. Sophie*, 900 F.2d 1064, (7th Cir. 1990). Rule 14 provides:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

Rule 14 leaves the determination of prejudice and a remedy, if necessary, to the sound discretion of the district judge. *Zafiro v. United States,* 506 U.S. 534, 541, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993).

There is a strong interest in trying those charged with engaging in a common enterprise together. *United States v. Chrismon,* 965 F.2d 1465, 1475 (7th Cir.1992); *United States v. Studley,* 892 F.2d 518, 523 (7th Cir. 1989). The reason for this is rooted in sound judicial and practical concerns:

> Joint trials reduce the expenditure of judicial and prosecutorial time: they reduce the claims the criminal justice system makes on witnesses, who need not return to court for additional trials; they reduce the chance that each defendant will try to create a reasonable doubt by blaming an absent colleague .... The joint trial gives the jury the best perspective on all the evidence and therefore increases the likelihood of a correct outcome.

*Chrismon,* 965 F.2d at 1476 (quoting *United States v. Buljubasic*, 808 F.2d 1260, 1263 (7th Cir.), cert. denied, 484 U.S. 815, 108 S.Ct. 67, 98 L.Ed.2d 31 (1987)). The interest in joint trials is especially strong where, as in the present case, the defendants are charged with conspiracy. *Chrismon,* 965 F.2d at 1476; *United States v. Caliendo,* 910 F.2d 429, 437 (7th Cir.1990). Thus, Manning must make a strong showing of prejudice to demonstrate that severance is required.

To succeed on a claim of prejudice due to disparities in the evidence (or evidentiary spillover) a criminal defendant must rebut the presumptions that a jury will: (1) capably sort through the evidence and (2) follow instructions from the court

to consider each defendant separately. *United States v. Edwards,* 36 F.3d 639, 647 (7th Cir.1994); *United States v. Lopez,* 6 F.3d 1281, 1286 (7th Cir.1993); *United States v. Smith,* 995 F.2d 662, 671 (7th Cir.1993). "Mere speculation of 'spill over guilt' is not enough to rebut these twin presumptions." *Lopez,* 6 F.3d at 1286 (citing *United States v. Doerr,* 886 F.2d 944, 972 (7th Cir.1989)).

Moreover, the general rule is that where a variance of culpability and disparity of evidence between defendants exists, other less drastic alternatives to severance should first be explored. *United States v. Papia,* 560 F.2d 827, 837 (7th Cir. 1977). The mere existence of such a disparity "is not itself grounds for a severance." *Doerr,* 886 F.2d at 972 (citations omitted). "Instead, 'the relevant inquiry is whether it is within the jury's capacity to follow the trial court's limiting instructions requiring separate consideration for each defendant and the evidence admitted against him.'" *Id.* (citations omitted).

Here, instructions directing the jury to assess each defendant's guilt or innocence solely on the basis of evidence admissible against each defendant will effectively prevent evidentiary spillover. *See United States v. Peters,* 791 F.2d 1270, 1303 (7th Cir. 1986); *United States v. Hendrix,* 752 F.2d 1226, 1232 n. 6 (7th Cir. 1985); *see also Velasquez,* 772 F.2d at 1352. As previously stated, it is presumed juries will capably sort through the evidence and will follow limiting instructions from the court to consider each defendant separately. *United States v. Stillo,* 57 F.3d 553, 557 (7th Cir.1995). Further, the Seventh Circuit has noted that limiting instructions are "an adequate safeguard against the risk of prejudice in the form of

jury confusion, evidentiary spillover and cumulation of evidence." *United States v. Turner,* 93 F.3d 276, 284 (7th Cir.1996). Although Manning argues there is a disparity in the evidence between himself and Malone, he has failed to show that the jury in a joint trial will not be able to fulfill its duty in sorting through the evidence.

Further, Manning has not shown that the failure to sever his trial will result in actual prejudice as to antagonistic defenses. Manning does not state how the defenses are antagonistic or how they would be prejudicial. Furthermore, it does not appear that the defenses of the co-defendants will be mutually antagonistic. Defenses are mutually antagonistic when "acceptance of one defendant's defense will preclude the acquittal of the other defendant." *United States v.* Carrillo, 435 F.3d 767, 778 (7th Cir. 2006)( internal quotations omitted).

Lastly, the Court rejects Manning's argument that that if any co-defendant elects to become a witness in his own defense he will be forced either to testify in his own behalf or have the jury make an adverse inference from his non-testimony. If Manning chooses not to testify the Court will instruct the jury about the right to not testify and will instruct the lawyers that it is improper to comment on a defendant's decision not to testify.

Here, Manning has not demonstrated how a joint trial will compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence. Manning offers absolutely nothing of substance to bolster his assertions that a joint trial will be prejudicial to him. Moreover, Manning has not provided an affidavit or any other offer of proof establishing that his co-defendants will testify.

Further, the record lacks specific examples and that the failure to sever would deprive him of a fair trial. Manning's motion is illusory, unspecific and contradictory. Based on the record, Manning has not sustained his burden to warrant severance.

**Conclusion**

Accordingly, the Court **DENIES** Manning's motion to sever defendant from all other defendants as relief from prejudicial joinder (Doc. 56).

**IT IS SO ORDERED.**

Signed this 11th day of April, 2013.

Digitally signed by David R. Herndon
Date: 2013.04.11 14:08:50 -05'00'

**Chief Judge**
**United States District Court**