IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                             No.   12-30330-DRH

GILBERT MANNING,

    Defendant.

## MEMORANDUM and ORDER

HERNDON, Chief Judge:

### Introduction and Background

Now before the Court is defendant Manning's motion to dismiss for speedy trial act violations (Doc. 55). Specifically, defendant moves to dismiss pursuant to the pre-indictment delay under the speedy trial act. The government opposes the motion (Doc. 67). Based on the following, the Court denies the motion.

On December 11, 2012, the grand jury returned a two-count indictment against Gilbert Manning, Terrez Shields and Demario Malone (Doc. 1). Count 1 is against all three defendants and charges them with conspiracy to distribute, and possess with intent to distribute, marijuana and Count 2 is against Malone for possession of a firearm in furtherance of a drug trafficking crime: conspiracy to distribute, and possess with the intent to distribute, marijuana.

On March 21, 2013, Manning filed the motion to dismiss for speedy trial act violations arguing that he was arrested on March 28, 2012 for the charge contained in the indictment; that the indictment was not filed until December 11, 2012, 258 days later, and that his initial appearance was not until January 23, 2013, 300 days from the initial arrest. Thus, Manning claims that the indictment was untimely under 18 U.S.C. § 3161(b) and § 3161(c)(1). He claims that he was held "<u>incognito</u> and <u>incommunicado</u> in DEA custody from March 28, 2012 to April 2, 2012;" that while being held no warrant for arrest for any alleged violation of his Supervised Release term was issued by the District Court of New Mexico and that the U.S. Marshal did not execute a warrant for his arrest for any violations of his Supervised Release. The government opposes the motion and refutes some of the factual claims that defendant makes (Doc. 67). In its response, the government states that the DEA conducted an investigation of defendant and others in 2011 and 2012 and determined that defendant was involved in marijuana trafficking. The government contends that the DEA coordinated the controlled purchase of marijuana on March 27, 2012, but that the DEA did not arrest or even have contact with Manning on that day or on March 28, 2012. The government further contends that Manning was not in DEA custody on March 28, 2012 or March 29, 2012. The government maintains that Manning was arrested by DEA agents on March 30, 2012 while he was on supervised release. As the parties dispute the facts surrounding the criminal charges against Manning, the Court sets forth the facts that it gleans from Manning's criminal cases before this Court.

On March 29, 2012, District Judge M. Christina Armijo of the District Court of New Mexico transferred jurisdiction of Manning's supervised release to this Court. *See United States v. Manning*, 05-CR-01599-04-MCA, Doc. 393 and *United States v. Manning*, 12-30094-DRH, Doc. 1.[1] On March 31, 2012, the Court accepted jurisdiction of Manning's supervised release; granted the motion for arrest warrant and issued an arrest warrant. *See United States v. Manning*, 12-30094-DRH, Docs. 1, 2, 3 & 4. The custody status in the Petition for Warrant or Summons for Offender Under Supervision states: "The offender is presently in the custody of the St. Clair County, Illinois Jail as a result of an investigative hold initiated by the Drug Administrative Enforcement Administration" Further, the violations of noncompliance states:

> The defendant shall not commit another federal, state or local crime.
> On October 18, 2011, the offender committed the offense of Speeding.
> On November 28, 2011, the offender committed the offense of Speeding.
> On or about March 27, 2012, the offender committed the offenses of unlawful possession of a Controlled Substance (Marijuana) and Unlawful delivery of a controlled substance (Marijuana).
> The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
> The offender failed to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer on the following dates: January 11, 2011; May 13, 2011; May 31, 201; January 10, 2012 and March 3, 2012.

*United States v. Manning*, 12-30094-DRH, Doc. 2. The arrest warrant was issued on April 2, 2012. That same date, Magistrate Judge Williams held the initial

---

[1] In 05-CR-01599-MCA, Manning was sentenced on July 25, 2006 to 60 months imprisonment and 60 months of supervised release for conspiracy to violate 21 U.S.C., in violation of 21 U.S.C. 841(b)(1)(A) (Distribute More than 1,000 kilograms of marijuana and more than five kilograms of cocaine).

appearance on the revocation of supervised of release. *United States v. Manning*, 12-30094-DRH, Doc. 6. On April 27, 2012, the Court held the revocation hearing, defendant admitted guilt to the violations and the Court revoked Manning's supervised release and sentenced him to 24 months imprisonment. *United States v. Manning*, 12-30094-DRH, Doc. 29.

The indictment in this case for conspiracy to distribute, and possess with intent to distribute, marijuana was returned against Manning and his co-defendants on December 11, 2012 (Doc. 1). The indictment alleges that the time frame of the conspiracy was from "March 2011 until April 2012, in St. Clair County, within the Southern District of Illinois, and elsewhere …." The arrest warrant on these charges was issued on December 12, 2012. On January 24, 2013, Manning's initial appearance and arraignment was held (Doc. 29). That same day, Manning pled not guilty to the conspiracy charge against him in the indictment.

## <u>Analysis</u>

18 U.S.C. § 3161(b) provides:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

18 U.S.C. 3161(b). By the plain language of the statute, the clock begins to run on the thirty-day period for the return of the indictment only when the individual is

arrested in connection with the charges at issue. *Id*. It does no begin to run when the criminal complaint is filed. *United States v. Bloom*, 865 F.2d 485, 491 (2nd Cir.), cert. denied, 490 U.S. 1027 (1989); *United States v. Johnson*, 815 F.2d 309, 312 (5th Cir. 1987), cert. denied, 484 U.S. 1068 (1988). Nor does it begin to run when the accused is arrested or incarcerated on other criminal charges, whether state or federal. *United States v. Orbino*, 981 F.2d 1035, 1036 (9th Cir. 1992), cert denied, 114 S.Ct 256 (1993); *United States v. Beede*, 974 F.2d 948, 950 (8th Cir. 1992), cert. denied, 113 S.Ct. 1016 (1993); *Acha v. United States*, 910 F.2s 28, 30 (1st Cir. 1990).

Here, defendant was indicted on marijuana conspiracy charges on December 11, 2012. The arrest warrant on this conspiracy charge was executed the next day on December 12, 2012. Manning appeared before the Magistrate Judge on January 24, 2013. The last co-defendant was arraigned on February 28, 2013. Manning and Malone filed many pretrial: some have been ruled on and others are under advisement. The trial is set for May 6, 2013. With excludable time for these events, 70 days have not expired. Thus, there has not been a violation of the Speedy Trial Act.

Furthermore, the thirty-day period did not begin to run on March 30, 2012 as defendant argues as no federal criminal charge of conspiracy to distribute, and possess with the intent to distribute, marijuana was filed against Manning at that time. On March 30, 2012, Manning was arrested for violating the terms of his supervised release with included violations of speeding, unlawful possession of a

Controlled Substance (Marijuana) and Unlawful delivery of a controlled substance (Marijuana), and failing to notify his probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer on the following dates: January 11, 2011; May 13, 2011; May 31, 201; January 10, 2012 and March 3, 2012. Clearly, there has not been a violation of either 18 U.S.C. § 3161(b) nor 18 U.S.C. § 3161(c)(1).

## Conclusion

Accordingly, the Court **DENIES** Manning's motion to dismiss for speedy trial act violations (Doc. 55).

**IT IS SO ORDERED.**

Signed this 15th day of April, 2013.

Digitally signed by David R. Herndon
Date: 2013.04.15 14:05:51 -05'00'

**Chief Judge**
**United States District Court**