## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

          Plaintiff,

v.

GILBERT MANNING,

          Defendant.

Case No. 3:12-CR-30330-NJR-1

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release under the First Step Act and several supplements thereto filed *pro se* by Defendant Gilbert Manning (Docs. 223, 227, 232, 234, 237), the Government's response (Doc. 238), and the reply filed by counsel on Manning's behalf. Manning asks the Court to reduce his sentence to time-served, pursuant to 18 U.S.C. § 3582(c)(1)(A), due to the COVID-19 pandemic and his serious health conditions. For the reasons set forth below, the Court denies the motion.

### BACKGROUND

Manning's 2014 convictions arose from his role as a large-scale marijuana trafficker (Doc. 154 at ¶ 18). Manning was the regional leader of a drug conspiracy, which ran from 2009 to 2012, and involved a supply source in Jamaica (*Id.* at ¶¶ 18-26). Manning's relevant conduct was determined to consist of approximately 1,133 kilograms of marijuana (*Id.* at ¶ 28). After pleading guilty to one count of conspiracy to distribute and possess with intent to distribute marijuana (Count 1) and one count of distribution of marijuana (Count 4), Manning was sentenced to 210 months' imprisonment on Count

1 and 120 months' imprisonment on Count 4, to run concurrently (Docs. 116, 162).

Manning, a 43-year-old African American, is incarcerated at FCI Fort Dix, a low security correctional institution. He is scheduled to be released from custody of the Bureau of Prisons ("BOP") on November 30, 2025.[1] On July 13, 2020, Manning filed a motion for compassionate release under 18 U.S.C. § 3582 arguing that the COVID-19 pandemic, combined with his rheumatoid arthritis, put him at a high risk of severe complications were he to contract the virus (Doc. 223). Manning also argued that the legalization of marijuana both medically and recreationally in Illinois warranted his release (*Id.*). In a supplemental filing, Manning stated that, in addition to his rheumatoid arthritis, he also is prediabetic with a Hemoglobin A1C level of 5.7 (Doc. 232).

On August 18, 2020, the Court referred Manning's case to the Federal Public Defender's Office for assistance with his motion (Doc. 228). But before counsel decided whether to file a supplemental motion on Manning's behalf or move to withdraw, Manning filed another supplement informing the Court he had contracted COVID-19 (Doc. 234). At that point, the Court ordered the Government to respond to Manning's filings (Doc. 235).

On November 17, 2020, the Government filed its response in opposition to Manning's motion for compassionate release (Doc. 238). The Government argues that Manning has not established "extraordinary and compelling reasons" supporting a sentence reduction, given that BOP medical records do not show he suffers from rheumatoid arthritis or prediabetes. Furthermore, Manning has not met his burden of

---

[1] https://www.bop.gov/inmateloc (last visited Dec. 7, 2020).

showing that a reduction is warranted in light of the danger that he would pose to the community and the relevant § 3553(a) factors.

Counsel filed a reply on Manning's behalf on November 24, 2020 (Doc. 241). Counsel notes that Manning's Hemoglobin A1C was 5.7 in October 2019, which makes him prediabetic, and there is nothing in his medical records to indicate he is being treated for this condition. Counsel also argues that Manning's success and progress while incarcerated, along with the lack of any violent criminal history, indicates he would not be a danger to the community upon release.

### THE FIRST STEP ACT OF 2018

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of the BOP. 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the BOP to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. The parties do not dispute that Manning exhausted his administrative remedies before filing his motion for compassionate release.

Once a motion is filed, the Court may reduce a term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy statement set forth specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g).

A number of courts have confronted the issue of whether—in light of the First Step Act and its grant of authority to defendants to file their own compassionate release motion—the "catch-all" provision of Subsection D is still limited only to the BOP Director's determination of whether other extraordinary and compelling circumstances exist or whether a court may make that determination. Joining the majority of district courts and the Second Circuit, the Seventh Circuit Court of Appeals recently held that district courts may determine whether other "extraordinary and compelling circumstances" warrant relief. *United States v. Gunn*, No. 20-1959, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020); *see also United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) ("[T]he First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-

outdated version of Guideline § 1B1.13, limits the district court's discretion."). "In short, federal judges are no longer constrained by the BOP Director's determination of what constitutes extraordinary and compelling reasons for a sentence reduction." *United States v. Young*, No. 2:00-CR-00002-1, 2020 WL 1047815, at *6 (M.D. Tenn. Mar. 4, 2020).

DISCUSSION

Manning argues that compassionate release is warranted because his rheumatoid arthritis, prediabetes, and his diagnosis with COVID-19, as well as the fact that recreational and medical marijuana are now legal in Illinois, constitute extraordinary and compelling circumstances under 18 U.S.C. § 3582(c)(1)(A)(i).

As to his medical conditions, Manning's medical record from September 29, 2020, states that, as of October 2019, his Hemoglobin A1C level was 5.7 and that diet and exercise were discussed with Manning (Doc. 238-3 at p. 5). According to the CDC, a normal A1C level is below 5.7%, while a level of 5.7% to 6.4% indicates prediabetes.[2] Prediabetes, however, is not listed by the CDC as a risk factor for developing severe illness from the virus that causes COVID-19.[3] Furthermore, there is no reference in Manning's medical records to any past or present diagnosis of rheumatoid arthritis; even if there were, rheumatoid arthritis also is not one of the risk factors identified by the CDC for developing severe illness from the virus that causes COVID-19 (Docs. 238-1, 238-2, 238-3). Finally, on October 29, 2020, Manning was diagnosed with COVID-19 (Doc. 238-3

---

[2] CDC, "All About Your A1C," https://www.cdc.gov/diabetes/managing/managing-blood-sugar/a1c.html#:~:text=A%20normal%20A1C%20level%20is,for%20developing%20type%202%20diabetes (last visited Dec. 8, 2020).
[3] CDC, "People with Certain Medical Conditions," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 8, 2020).

at p. 25). Manning experienced fatigue and body aches for two days and a loss of taste or smell, but his oxygen levels remained normal (*Id.* at pp. 7-25). Manning was prescribed Tylenol, but apparently required no further medical treatment (*Id.* at p. 26).

Based on his medical records, the Court finds that Manning's medical conditions do not constitute extraordinary and compelling circumstances warranting compassionate release. There is no evidence that Manning has rheumatoid arthritis, and while he is prediabetic, his A1C levels are at the lowest end of that category. Even combined with the COVID-19 pandemic, Manning has not shown he is suffering from a serious medical condition that substantially diminishes his ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover, as required for compassionate release under U.S.S.G. 1B1.13(A).

The Court further declines to address Manning's undeveloped argument that his sentence should be reduced because marijuana is now legal for medical and recreational use in the State of Illinois. *See United States v. Elst*, 579 F.3d 740, 747 (7th Cir. 2009) ("Perfunctory and undeveloped arguments as well as arguments unsupported by pertinent authority are waived."). Even if Manning had properly supported his argument, all forms of marijuana remain illegal at the federal level. Thus, the fact that marijuana is now legal in Illinois does not constitute an extraordinary or compelling reason for compassionate release under U.S.S.G. 1B1.13(D).

Because Manning has not cited any extraordinary and compelling reasons for compassionate release pursuant to 18 U.S.C. § 3582, the Court need not consider the factors under 18 U.S.C. § 3553(a) or whether Manning remains "a danger to the safety of

any other person or to the community" pursuant to 18 U.S.C. § 3142(g).

CONCLUSION

For these reasons, the *pro se* Motion for Compassionate Release filed by Defendant

Gilbert Manning and all supplements thereto (Docs. 223, 227, 232, 234, 237) are **DENIED.**

**IT IS SO ORDERED.**

**DATED:    December 9, 2020**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**